## McEVILLA *v.* HALL & SHELVIN LUMBER Co.

*(Circuit Court, D. Minnesota.* August 27, 1890.)

**PATENTS FOR INVENTIONS—ANTICIPATION—SAW-MILLS.**
Letters patent No. 377,630, issued February 7, 1888, to Henry McEvilla, for improvement in reciprocating saw-mills, consisting in the combination with the feed mechanism and dividing shaft, of upper and lower slides carrying the saw-gate, such lower slides having the pins on which they oscillate located below the top of the slides, were anticipated by letters patent No. 156,193, issued October 20, 1874, for an invention exactly the same except as to the location of said pins.

In Equity.
*P. H. Gunckel,* for complainant.
*Paul & Merwin,* for defendant.

NELSON, J. A suit is brought in equity for an infringement of letters patent No. 377,630, granted February 7, 1888, to Henry McEvilla, for improvement in reciprocating saw-mills. The alleged infringement is confined to the first claim of the patent. The defenses are anticipation and non-infringement. The first claim is as follows:

"In combination with the feed mechanism and the dividing shaft of the saw-mill gang, upper and lower slides carrying the saw gate or frame and mechanism substantially such as shown for oscillating the lower slides connected with and driven by the main driving shaft, said lower slides having the pins on which they oscillate located below the top of the slides and above the pin on the lower girder of the gate when the latter is at the upper limit of its stroke, whereby the saws are made to recede from the log at the start, and thus the cut at the first quarter of the stroke equalized with the cut during the rest of the stroke, as specified."

In the specification, it is said:

"The invention may therefore be said to consist in so arranging the lower slides, upon which the saw or saws reciprocate in a gang or other reciprocating saw-mill, that the pins upon which they oscillate shall be in such a position relatively to the pins carrying the lower end of the gate or saw as to equalize the cut during the first quarter of the down stroke with the other three parts of the same, and free the saw or saws completely during the up stroke; and, further, to the devices employed for changing the position of the upper slides to give the rake corresponding with the rake of feed given to the log or cant," etc.

The purpose of the invention is to overcome the continually changing speed of a saw driven by a crank having a uniform rate of revolution by means which will so regulate the movements of the saw as to fully equalize the cut in the down stroke, and give effective clearance upon the up stroke, so that the teeth shall each perform its proper part of the work in the down stroke, and be kept away from the front of the cut during the up stroke. The changing speed of a saw increasing and decreasing is due to the pitman or such other device used to connect the crank with the reciprocating body. The location of the pins on which the lower slide oscillates below the top of the slide and above the pins on the lower girder of the gate when it is at its extreme upper travel equalizes the cut,

it is claimed, in the down stroke, and gives effective clearance upon the stroke, so that a uniform and unchanging speed is secured. If the location of this pin on which the lower slides oscillate below the top of the slide, instead of being above the top, makes any difference in the result, then perhaps the defendant's improvements involve a patentable invention, but if the location of the pin above or below the top is a change in form, and not in substance, and the difference in result, if there is any, is one of degree, then McEvilla has no patentable invention.

. A patent was granted to I. B. Wayne (No. 156,193) on October 20, 1874, in which the only substantial difference of construction in the mechanism employed is the location of the pins on which the lower slides oscillate just above the top of the slide; and the complainant's expert Redfield, in describing the McEvilla invention, admits that the location of the pin does not change the results obtained, and although he says the feature in the McEvilla patent of having the pivot of the slide at all times above the pivot in the lower end of the sash-frame is peculiar, and not general in saw-mills, he thinks the change in location would make no material difference in the operation of the machine, except a difference of quality, rather than of kind. The patents of Wayne and McEvilla are substantially identical in the results obtained. In both the pins which oscillate the lower slides are above the pins on the lower guides of the gate when the latter is at the upper limit of its stroke, but the pins on which the slides oscillate in the McEvilla patent are below the top of the slides, which location of the pins is not in the Wayne patent. There is no patentable invention in this.

The Ehlers patent, No. 78,443, granted June 2, 1868, reissued as No. 6,185, December 22, 1874, locates the pins on which the slides oscillate below the top of the slide, so that McEvilla was not the first even to do that. Without considering, therefore, the case further, I am of opinion that the defendant is entitled to a decree dismissing the bill, and it is so ordered.